IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VIRGIL RIVERS BEY,**

    Petitioner,

    v.                                                    Civil Action No. 3:23cv55

**WARDEN D. LEU,**

    Respondent.

## MEMORANDUM OPINION

Virgil Rivers Bey, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] For the reasons set forth below, the § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### I. Procedural History

The procedural history of Rivers Bey's current criminal sentence is aptly summarized by the United States District Court for the Middle District of Pennsylvania as follows:

> On September 29, 2004, a jury in the United States District Court for the Eastern District of New York found Rivers Bey guilty of conspiracy to commit bank robbery, bank robbery, unlawful use of a firearm, and unlawful possession of a firearm as a convicted felon. *United States v. Rivers*, No. 1:03-CR-1120 (E.D.N.Y. Sept. 29, 2004). Rivers Bey filed a post-trial motion for judgment of acquittal, which the court granted with respect to the unlawful possession of a

---

[1] The statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless--
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

firearm charge on March 10, 2006. *Id.* at Doc. 211. Rivers Bey was sentenced to an aggregate sentence of twenty-five years imprisonment on the same day. *Id.* He appealed, and the United States Court of Appeals for the Second Circuit affirmed the judgment on April 25, 2007. *United States v. Rivers*, 223 F. App'x 50 (2d Cir. 2007). Rivers Bey then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 1, 2007. *Rivers v. United States*, 552 U.S. 923 (2007).

After the conclusion of his direct appeals, Rivers Bey filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on December 4, 2008. *See Rivers v. United States*, No. 1:08-CV-3747 (E.D.N.Y. Dec. 4, 2008). Rivers Bey filed several motions for leave to file second or successive § 2255 motions in the ensuing years, all of which were denied. As relevant to the present case, Rivers Bey moved for leave to file a second § 2255 motion on June 22, 2016, seeking leave to challenge his conviction and sentence based on the Supreme Court's holdings in *Davis*, 139 S. Ct. at 2319 and *Johnson v. United States*, 576 U.S. 591 (2015). *See Rivers*, No. 1:03-CR-1120, Doc. 266. The Second Circuit denied the motion on August 10, 2020, finding that Rivers Bey had not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) were satisfied to permit a second motion. *Rivers v. United States*, No. 16-1994 (2nd Cir. Aug. 10, 2020).

*Rivers Bey v. Howard*, No. 1:20-CV-1576, 2021 WL 4819315, at *1 (M.D. Pa. Oct. 15, 2021) (parallel citations), *reconsideration denied*, No. 1:20-CV-1576, 2022 WL 2375173 (M.D. Pa. June 30, 2022).[2]

In the present § 2241 Petition, Rivers Bey contends that his convictions are void because "Congressional legislation only appl[ies] within the territorial land masses and waters; and the petitioner was in neither waters or land mass! Thus, the Petitioner has been illegally imprison[ed] for the last twenty years, base[d] upon laws void outside the special territorial jurisdiction, and maritime boundary!" (ECF No. 1, at 7 (as paginated by CM/ECF.)

---

[2] The Court employs the pagination assigned by CM/ECF. The Court corrects the capitalization and spelling in the quotations from the parties' submissions.

2

## II. Analysis

A. <u>Law Governing § 2241 Petitions</u>

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). The United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

As pertinent here, a defendant only may bring a successive 28 U.S.C. § 2255 motion challenging his conviction and sentence if he satisfies 28 U.S.C. § 2255(h). That provision provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

---

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). Until recently, the test in the Fourth Circuit was as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added). However, on June 22, 2023, the United States Supreme Court held that the "limitation on second or successive motions [does not] make § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 470 (2023). The Fourth Circuit has acknowledged that *Jones v. Hendrix* abrogated its decision in *In re Jones*. *Clark v. Leu*, No. 22-6846, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023).

In *Jones*, the Supreme Court explained:

> We now hold that the saving[s] clause does not authorize such an end-run around [the Antiterrorism and Effective Death Penalty Act ("AEDPA")]. In § 2255(h), Congress enumerated two–and only two–conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied. Even more directly, § 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of *constitutional* law" implies that Congress did not authorize successive

4

collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the word "constitutional," it easily could have done so. . . .

. . . .

Here, as often is the case, the best interpretation is the straightforward one. Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving[s] clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Jones*, 599 U.S. at 477–480 (citations omitted) (emphasis in original).)

### B. This Court Lacks Jurisdiction Over Rivers Bey's § 2241 Petition

Little discussion is needed here because the Court lacks jurisdiction over River Bey's claim. Rivers Bey asserts that his convictions and sentence are void due to a lack of personal and subject matter jurisdiction. Contrary to Rivers Bey's suggestion, 28 U.S.C. § 2255 is a perfectly adequate vehicle to bring this challenge and thus he fails to satisfy the savings clause. Accordingly, Rivers Bey cannot proceed under 28 U.S.C. § 2241. The action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction under 28 U.S.C. § 2241.

### III. Conclusion

Rivers Bey's § 2241 Petition will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Rivers Bey's Motion for the Appointment of Counsel (ECF No. 10) will be DENIED. Rivers Bey also has moved to amend his § 2241, but fails to articulate any additional claim he would like to bring. Accordingly, the Motion to Amend (ECF No. 9) will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 10/10/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge